[No. 6,953.—Department No. 2.]

## PHENIX MILL AND MINING CO. v. LAWRENCE ET AL.

UNLAWFUL ENTRY—POSSESSION—COLOR OF RIGHT.—Actual possession is *prima facie* evidence of title in the possessor, and is protected by the law against lawless invasion without right or color of right. An entry upon such possession cannot be made in good faith, unless it is made upon some right, or color of right, or claim of legal right, to make the entry; and such claim of right must exist before the entry to constitute good faith.

ID.—ID.—ID.—INSTRUCTIONS.—In an action for unlawful entry, (under § 1160 Code Civ. Proc.) it appeared that the defendants entered upon the mining claim of the plaintiff, under the claim that the plaintiff's location was void, and with the purpose of themselves locating it; and the Court instructed the jury that if the defendants entered peaceably and in good faith, under claim, or color of title, or in good faith believing themselves to be the true owners, they were entitled to a verdict; but that a party cannot enter for the purpose of obtaining title or color of right, but must have it before he entered; and refused to instruct the jury, at the instance of the defendant, that if the defendants entered upon the mines peaceably and in good faith, believing that they were open to location, then the entry was not unlawful. *Held*, that there was no error.

ID.—EVIDENCE—GENERAL BELIEF.—*Held further*, that the Court properly ruled out the following question: "Do you know what the *general belief* was with reference to those mines; as to whether they were abandoned or not?"

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the County Court of San Bernardino County. WILLIS, J.

The facts are stated in the opinion.

*A. B. Hunt*, for Appellants.

The general belief among the miners that the mines had been abandoned was a circumstance to be considered by the jury, as to the good faith of the entry of defendants. The question was not whether defendants had the title, but whether they believed in good faith they had a right to enter. (*Shelby* v. *Houston*, 38 Cal. 422.)

The Court erred in its instructions to the jury. The land was public mineral land of the United States, and the defendants, under the laws of the United States, had a perfect right to go upon and locate the same. The instructions entirely ignored any right that the defendants might have under the min-

ing laws of the United States. (U. S. Rev. Stat. § 2319; *Kile* v. *Tubbs*, 28 Cal. 404; *Tyler* v. *Green*, id. 409.)

The Court erred in refusing to give the instruction asked by the defendants. (*Janson* v. *Brooks*, 29 Cal. 221; *Townsend* v. *Little*, 45 id. 676.)

*Byron Waters*, and *H. M. Willis*, for Respondent.

The extent of the defendants' defense is, "that they entered in good faith, *believing they had a right to do so.*" There is a broad distinction between *color of title, or color of right*, and *mere naked belief.* (*Shelby* v. *Houston*, 38 Cal. 417.)

A party cannot enter for the purpose of obtaining title, or color of title, or color of right. He must have it before he entered, as a basis upon which he can found his good faith in entering. (*Shelby* v. *Houston*, cited *supra*; *Atherton* v. *Fowler*, 96 U. S. 513; *Hosmer* v. *Wallace*, 97 id. 575; *Bradley* v. *Lee*, 38 Cal. 367.)

MCKEE, J.:

The action was against the defendant for an alleged unlawful entry on the 13th of May, 1879, upon "those certain leads, lodes, and mining property known as Beatrice No. 1, and Beatrice No. 2, situated at Ivanpah, Clark Mining District, San Bernardino County," of which, it was claimed, the plaintiffs had had peaceable possession until the day of the unlawful entry thereon by the defendants, and for more than five days before; and after their entry thereon the defendants refused on demand to restore the possession thereof to the plaintiffs.

The possession of the plaintiffs, the entry of defendants, and demand and refusal, are specifically denied; but in a further answer the defendants admit that they entered, in good faith, upon the property on the 13th of May, 1879, believing that the ground was vacant, and subject to location, according to the laws of the United States, and of Clark Mining District.

As to the possession of the plaintiffs, demand and refusal, and the entry by the defendants, the evidence was all one way. The defendants themselves, in their testimony, admit that the company had been in possession of the property since 1878, and

that the company, and its predecessor, had expended in tunneling, timbering, and building railroad tracks, dumps, and houses, and in cars and tools, several hundreds of thousands of dollars —probably, says the defendant Lawrence, half a million of dollars. In 1879 the company ceased work upon the mine for a while, but, during the suspension of work, it kept men in general superintendence over the property, and the keys of the houses were in their possession. Both defendants lived near the mine; Lawrence had worked on it for two years for the Ivanpah Company, of which the plaintiff is the successor; Peterson lived within two hundred yards of it; and, on the day of their entry, they knew that the mine was in charge of the men of the plaintiff, and that the keys of the houses were in their possession. The only issuable question was really the intention with which the defendants entered. They claimed in their answer that they entered in good faith, believing that the ground was vacant, and subject to location according to the mining laws. But a person who knows that a mining claim is in the actual possession of another cannot honestly believe that it is vacant, and subject to entry and relocation; and the entry under such circumstances cannot be made in good faith, unless it is made upon some right, or color of right, or claim of a legal right, to make the entry. Such a claim of right must exist before the entry, to constitute good faith in making the entry. If it does not exist, the entry is made without right or color of title, and is an entry in bad faith; for actual possession in another is *prima facie* evidence of title in the possessor, and is protected by the law against lawless invasion without right or color of right; but one who has a title and present right of possession may always take peaceable possession of what he claims to be his own. In *Townsend* v. *Little*, 45 Cal. 673, the defendant, who was a qualified pre-emptor, and had filed a declaratory statement of her intention to pre-empt a tract of land, which was shown to be part of the public lands of the United States, was allowed to introduce evidence of these things to show her belief of right and good faith in entering upon the land in dispute in that case. And in *Powell* v. *Lane*, 45 Cal. 677, the defendant was allowed to show his patent as evidence of good faith in entering upon the land. (See, also, *Dennis* v. *Wood*, 48

Cal. 368; *Shelby* v. *Houston*, 38 id. 422; *Randall* v. *Falkner*, 41 id. 242.)

But the defendants offered no evidence of right or title. They knew that the mine was in the possession of the plaintiff, and that half a million of dollars had been expended on it; and they admit that they entered upon it, not upon the faith of any title or right in themselves, but to take advantage of what they supposed to be a defect in the title of the plaintiff. For the defendant Lawrence, when asked if he believed that this mine was vacant land, answered as follows: "I did."

" Q.—How did you believe it had become such?

" A.—The reason I believed it was such, they cannot hold more than one mine on a ledge; a company of men cannot hold only one mine on a ledge; they have three locations on the same ledge.

" By the Court.—Did you enter for the purpose of taking advantage of some defect you supposed there was in the title.

" A.—Yes; and it did not belong to them; they could not hold it, and part of the company said it never belonged to them; they never disputed it.

" Q.—Then your only claim was that they was n't allowed by law to hold them; they would n't be allowed by law to hold them.

" A.—Yes, sir.

" Q.—You actually thought they had been holding them?

" A.—I do n't know as they held them; the McFarlanes held them.

" Q.—Did you know that Billy McFarlane held them for this company?

" A.—They had men there to work; I suppose they were working for the company.

" Q.—Now, then, that was your idea as to how it was vacant land; that one company could not hold three claims on one ledge?

" A.—Yes, and they had four.

" Q.—And you thought they could not hold it; you thought they were yet trying to hold them?

" A.—No, I did not. I had information that they had abandoned the whole work, and that the company had busted up.

"Q.—Which did you rely upon? You tell us first one thing— that they could not hold four locations on the same ledge—now you tell us next that you believe the company had abandoned the mine. Now tell us which of these propositions you rely on?

"A.—I rely on both of them.

"Q.—Both of them?

"A.—Certainly.

"Q.—You relied on the company claiming more than they had a right to claim?

"A.—Yes, sir."

It is apparent that the defendants, by their own testimony, did not enter upon the mine under any title or claim of right which they had to the mine. They entered only because they believed or suspected that the plaintiff's claim of title was defective. After their entry without right or color of title, they went through the forms of making a location, and posted a notice thereon, which they caused to be filed in the Recorder's office of the district.

Upon this testimony it was not error for the Court below to refuse to give to the jury the following instruction, at the request of the defendants, to wit: "If the jury believe that the defendants entered upon the mines peaceably and in good faith, believing that they were open to relocation, then the entry was not unlawful, and they are entitled to your verdict." The Court had already correctly given them the law upon the subject, by telling them that if the defendants entered peaceably, in good faith, under claim or color of title, they were entitled to a verdict; and again, if they entered under claim or color of right, peaceably and in good faith, believing themselves to be the true owners, they were entitled to a verdict. Nor did the Court err in instructing the jury that a party cannot enter for the purpose of obtaining title or color of right. He must have it before he entered. This was correct, because, as we have already shown, title or color of right was necessary as a basis upon which they could found their good faith in making the entry. They could not enter without it for the purpose of acquiring it after entry.

Taken as a whole, the entire charge of the Court fully and

fairly submitted the questions involved in the case to the consideration of the jury, and we are not inclined to disturb the judgment, because some of the instructions which were given are subject to mere verbal criticism. (*Brooks* v. *Crosby*, 22 Cal. 42.)

It was also assigned as an error, that the Court erred in sustaining an objection to the following question put to a witness: "Do you know what the *general belief* was in reference to those mines, as to whether they were abandoned or not?" The objection to the question was properly sustained. What was the belief of defendants was admissible upon the question of good faith in making their entry, but the general belief of the community was not an element of their conduct, or in the defense of the case before the Court.

We see no errors in the proceedings which prejudiced the defendants. The verdict is fully sustained by the evidence.

Judgment and order affirmed.

THORNTON, J., and MYRICK, J., concurred in the judgment.