[No. 9,483.  Department Two. —August 28, 1884.]

MARY ANN DU PRAT, Executrix, etc., Appellant, v. J. P. JAMES et al., Respondents.

Mining Claim — Re-location — Performance of Labor. —The failure of a locator of a mining claim to perform the amount of labor required by the laws of the United States, subjects the claim to re-location, and a peaceable entry in good faith may be made for that purpose, although the claim is occupied by the original locator.

Id. — The right of the original locator to perform the required amount of work after such failure, and retain the benefit of his location, is dependent upon the performance of the labor *before* the re-location.

Id. —Personal expenses incurred, and the value of the locator's time in endeavoring to procure water to operate a mill to crush ore from the mine, cannot be considered as work done on the claim.

Id. — Location — Marking on the Ground. —The court found that stakes and mounds were placed at each of the four corners of the claim, and were prominent and permanent monuments, by which, together with the descriptions in the notices, the claim could be identified, and found also that the location was distinctly marked on the ground so that the boundaries could be readily traced. *Held*, that the location was valid, and that whether or not the boundaries could be readily traced from the objects placed at the corners, was a question of fact for the trial court to determine.

Appeal from a judgment of the Superior Court of Tuolumne County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Taylor & Haight*, for Appellant.

*Street & Street*, for Respondents.

Myrick, J.—This is an action to recover possession of a mining claim in Tuolumne County. The action was commenced in April, 1881, by J. J. Du Prat as plaintiff; he having died after the judgment in the court below, his executrix was substituted. For convenience, the deceased is herein spoken of as plaintiff.

The judgment was in favor of defendants. On this appeal, on behalf of plaintiff, points are made as follows: —

*First*—Defendants having entered on an actual possession of plaintiff, their entry can give them no right as against him.

The facts in this regard, as found by the court, are substantially as follows: The plaintiff and his predecessors in interest had, from 1863 down, worked the mine, and had expended, in

sinking shafts and mining tunnels, over nine thousand dollars, and were in the possession of the mine from its location down to the time of the entry of defendants. In the years 1875, 1876, 1877, 1878, and 1879, plaintiff caused the requisite amount of labor, under the Act of Congress (Rev. Stats. U. S. § 2324), to be performed; but in the year 1880 plaintiff caused but nine dollars' worth of work to be performed on the claim. On the 1st day of January, 1881, the defendants James and McCartea, entered peaceably and in good faith upon the premises in controversy, for the purpose of locating a mining claim, and located a portion of said premises by posting notices and erecting monuments, which location was distinctly marked on the ground, so that its boundaries could be readily traced. On the 5th day of January, 1881, the written notices of location having been defaced by rains, the defendants James and McCartea renewed the notices and reset the stakes at the corners, and built stone mounds around the same at the corners thereof. On said first day of January said defendants above named went into the possession of the claim located by them, and have ever since so remained, and have been continuously at work thereon, and expended about one thousand dollars in each of the years 1881 and 1882. On the 5th of January, 1881, the defendants Ellis and Sutton entered peaceably and in good faith upon the mine in question for the purpose of locating a mining claim, and located a claim embracing a portion of the premises in controversy, and posted notices and drove stakes and erected monuments, and distinctly marked the location on the ground, so that its boundaries could be readily traced. On the same day said defendants went into possession of the ground claimed by them, and were in the actual and exclusive possession thereof during the years 1881 and 1882, and performed labor in and upon their said claim in 1881 to the value of three hundred dollars; in the year 1882 they performed the amount of labor thereon required by the Act of Congress of May 10, 1872.

It has been held by the Supreme Court of the United States, and by this court, that a person cannot enter upon the actual possession of another for the purpose of laying foundation for a pre-emption claim to public lands of the United States; and it is claimed by the appellant that the same principle operated upon the

parties to this controversy, and the defendants could not law-
fully enter upon the possession of the plaintiff and make a valid
location, nor acquire any right as against the plaintiff; that the
defendants could not, by a trespass, lay a foundation for obtain-
ing the benefit of the act of Congress for the location of mining
claims.　The cases of *Eilers* v. *Boatman*, 3 Utah, 159, and *Weese*
v. *Barker*, 7 Colo. 178, are cited to support this view; but we
think a close examination of the act of Congress (Rev. Stats. U. S.
§§ 2322 and 2324) shows the reverse to be the better view.　After
declaring in section 2322 that the locators of all mining locations,
*so long as they comply with the laws of the United States,* and with
the State, territorial, and local regulations, not in conflict there-
with, 'shall have the exclusive right of possession and enjoyment
of all the surface included within the lines of their locations, and
of all veins, etc., and after declaring in section 2324 that a cer-
tain amount of labor shall be performed in each year, it is pro-
vided in section 2324 that "upon a failure to comply with these
conditions the claim or mine upon which such failure occurred
shall be open to re-location in the same manner as if no location of
the same had ever been made." It seems from the foregoing that
plaintiff's only right to the possession depended upon the
performance, annually, of the specified labor; and the labor
being unperformed, the ground was open to re-location.　The
act of Congress does not say the ground shall be open to re-loca-
tion if the labor be unperformed *and* if it be unoccupied; on
the contrary, as above said, it is open to re-location if the labor be
unperformed.　It is urged that the clause of section 2324, giving
to the original locator the right to perform the labor after the
failure and before the re-location, gave him the right (as against
the re-locator) to remain in possession and exclude all others.　The
logical result of that proposition would be to annul the require-
ment for the performance of the labor — for, if he may remain
and prevent re-location for one day, he may for a year — he may
for an indefinite period.　Congress had the power to impose
such conditions on the right to the possession of the public lands
as it saw fit; and we think such conditions must be complied
with.　It will be observed that the entry of the defendant was
peaceable and in good faith.　The right of the original locator
to perform the labor after a failure, and have the benefit of his

location, is dependent upon his having performed the labor *before* the re-location.

*Second*— Plaintiff insists that he performed the work required, and therefore did not forfeit his right to hold the ground.

The court found that he performed, in the year 1880, three days' labor, of the value of three dollars per day, and no more. The plaintiff claims that the court erred in excluding from its conclusion as to labor performed on the claim, his time and expenses spent and incurred, as follows: In October, 1879, plaintiff leased a mill located about a quarter of a mile from his claim, and from that time until December 25th made unsuccessful efforts to obtain water to operate the mill; about the latter part of December, 1879, or the first of January, 1880, the company owning a ditch let sufficient water run to the mill for the use of plaintiff, but he did not use or attempt to use the same, nor crush or attempt to crush rock or ore; plaintiff went from Groveland to Sonora in said county twice, from Groveland to San Francisco once, and from Oakland to San Francisco five or six times, to see the agent of the water company, for the purpose of getting water to operate the mill; his personal expenses incurred, and the value of his time on those occasions, were from one hundred and fifty to four hundred dollars.  We think that in no sense can these expenditures and values be said to be labor performed on the mine.

*Third*— Plaintiff asserts that the locations of the defendants were invalid.

The court found that notices were posted by the defendants on their respective locations (copies of the notices are given in the findings), and that stakes were driven firmly in the ground at the corners, and stone monuments placed around the same, and that the stakes were marked as corner stakes; the court also found that the defendants distinctly marked the locations on the ground, so that the boundaries could be readily traced, and that the stakes placed at each of the four corners were firmly planted in the ground, and that the stakes and stone mounds built around the same were prominent and permanent monuments, by which, and the descriptions in the notices, the claims could be identified.

Plaintiff urges that the corners only were established, and that no side or end lines were in any way laid down. The provision of the statute being that the "location must be distinctly marked on the ground, so that its boundaries can be readily traced" (there being no specific direction as to how the marking is to be done), and the court having found that the stakes and mounds at the corners were prominent and permanent monuments, by which, and the descriptions in the notices, the claims could be identified, and also having found that the locations were distinctly marked on the ground so that the boundaries could be readily traced, we do not see any failure on the part of defendants to comply with the requirements of the statute. Whether or not, from the objects placed by the defendants, the boundaries could be readily traced, was a question of fact for the court below.

The fourth point relates to alleged variations in the descriptions of the ground located, as between the answer and the testimony. We do not see any substantial variation. Whatever appears is more apparent than real.

Judgment and order affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.