[L. A. No. 3218.   Department Two.—March 12, 1914.]

# LITTLE SESPE CONSOLIDATED OIL COMPANY (a Corporation), Respondent, v. JOHN J. BACIGALUPI et al., Appellants.

MINING CLAIMS—OIL LAND—POSSESSION AS TITLE AGAINST INTRUDERS.—Possession alone of oil lands is adequate title as against a mere intruder or trespasser entering upon that possession without color of title.

ID.—INVALID LOCATION — ACTUAL POSSESSION BY LOCATOR — RIGHT OF OTHERS TO INITIATE LOCATION.—Where one is in the actual occupancy of land after his discovery of oil therein, though the location under which he is in possession is invalid, the land is not open and unoccupied mineral land which warrants others, in bad faith and with knowledge of the facts, in invading such possession and under such entry attempting to initiate a location of the property.

ID.—INTRUSION ON CLAIM HELD UNDER INVALID LOCATION — WHEN AMOUNTS TO TRESPASS.—An intrusion under such circumstances constitutes the intruders naked trespassers who are in no position to raise any issue whatever upon the question of title under which the occupant holds possession of the property.

ID.—LOCATION OF LAND IN POSSESSION OF ANOTHER — NECESSITY OF GOOD FAITH.—While it is true that any competent locator for the purpose of initiating a location for himself may enter upon mineral land of the United States which is not covered by a valid subsisting location, even though it is in the actual possession of another, still such entry must be peaceable and in good faith. Good faith confronts any subsequent locator who enters upon the actual possession of a senior locator for the purpose of initiating a claim to the same ground, though the senior location is invalid; and when such entry is in bad faith, his acts done thereunder confer upon him no right whatever, his intrusion constitutes a naked trespass.

APPEAL from a judgment of the Superior Court of Ventura County.   E. P. Unangst, Judge presiding.

The facts are stated in the opinion of the court.

Clair S. Tappaan, and Alton M. Cates, for Appellants.

M. E. C. Munday, and C. C. Hamilton, for Respondent.

LORIGAN, J.—This action is ejectment to recover possession of certain oil lands in Ventura County, plaintiff claiming title thereto.

Defendants by answer denied title in plaintiff and by cross-complaint asserted title to the premises in themselves and asked that their title be quieted.

The findings of the court material to the questions involved on this appeal are: That on February 6, 1895, A. W. Boggs, George D. Roberts, Charlton E. Roberts, and Oscar W. Roberts located a placer mining claim of eighty acres upon certain mineral lands of the United States under the mineral laws thereof which included within its boundaries the lands described in the complaint; that they posted a notice of their claim on the ground describing the land by government subdivisions, monumented it so that the boundaries could be readily traced and recorded a copy thereof with the recorder of mining claims of the Little Sespe Mining District in which the land claimed was located; that they immediately began development work on said claim, remained in possession thereof continuously through their agents and tenants until they discovered petroleum and oil thereon in merchantable quantities about June, 1910; that they drilled two wells on said land which produced oil in sufficient quantities to determine the character of the land as mineral oil land prior to April 1, 1911, and prior to the posting of a notice by the defendants Bacigalupi, W. O. Backman, C. C. Backman, Peacock, Jones, and Van Tilborg, as set up in their answer and cross-complaint; that on February 10, 1906, by proper deed of conveyance said Oscar W. Roberts, Charlton E. Roberts, A. W. Boggs, and George D. Roberts, conveyed to the plaintiff, a corporation, a portion of the said land located by them as a placer claim, including the land in controversy and described in the findings; that on January 21, 1908, plaintiff leased to the Brownstone Oil & Refining Company, a corporation, the land described in the complaint for the purposes of developing the oil in said land, and said corporation entered into possession of said land for the plaintiff and remained in possession thereof until ousted by the defendants on April 14, 1911; that said lease was signed on behalf of the Brownstone Oil & Refining Company by one F. H. Allen, its president; that the defendants in April, 1911, employed the said F. H. Allen as their agent while he was still one of the principal stockholders of the said Brownstone Oil & Refining Company, to locate for them mineral lands of the United States, and said

Allen for them posted a location notice claiming certain mineral lands as a placer mining claim known as the "Petroleum Chief" upon lands which embraced within its exterior boundaries as described in said notice the land described in the complaint, and monumented said claim at its corners so that the boundaries might be readily traced, and recorded a copy of said notice with the county recorder of Ventura County; that at the time the defendants posted their said notice of location embracing the land described in the complaint, the plaintiff was in the possession and actual occupancy of that portion of said land described in the complaint and findings, and that said portion of the land claimed by defendants in their notice of location was not vacant or open to subsequent location, claim, or entry under the mineral laws of the United States, and that said defendants knew at the time they posted said notice and entered upon said land that that portion of the land involved in this controversy lying within the exterior boundaries of the land described in their location notice was in the possession of the plaintiff and its tenants and actually occupied, owned, and possessed by the plaintiff; that while plaintiff was so possessed and the owner of said land in controversy, the defendants entered upon said land and ousted and ejected plaintiff therefrom and now unlawfully withhold possession thereof from plaintiff.

Judgment was entered in favor of the plaintiff upon the findings, from which defendants appeal, accompanying such appeal by a bill of exceptions.

Appellants urge but one ground for a reversal which is based upon certain testimony in the case. During the trial, Oscar W. Roberts, one of the grantors of plaintiff, and also one of the locators under the location of February 6, 1895, referred to in the findings, was called as a witness for plaintiff. On cross-examination he testified that prior to the location of 1895 there were no other persons claimants of any part of the mineral ground involved in that location outside of "our own family" and that when the location of that year was made the family claimed it; that in 1887 this same ground was located as a placer mining claim by the same persons—members of the Roberts family—who made the location thereof in 1895, except that one Wesley Roberts signed the notice of 1887 while the witness, Oscar W. Roberts, his son, signed the

notice of location of 1895; that prior to 1894 said Wesley Roberts had died and by decree of distribution made in his estate in that year his interest in the mining claim under the notice of 1887 was distributed to said Oscar W. Roberts, his son, who thereafter with the others of the family signed the location notice of 1895. The witness further testified that under the location of 1887 they annually did assessment work and were claiming the ground under that location when they made the subsequent location of 1895.

Taking this testimony as the basis thereof, the appellants claim that the location of 1887 was a valid and subsisting location of the mineral ground here involved when the attempted location by the grantors of plaintiff was made in 1895; that, therefore, this latter location was void and no title or right of property was acquired under it, citing *Belk* v. *Meagher,* 104 U. S. 279, [26 L. Ed. 735] ; *Garthe* v. *Hart,* 73 Cal. 542, [15 Pac. 93] ; *Quigley* v. *Gillett,* 101 Cal. 469, [35 Pac. 1040], and other cases. Then relying on the elementary rule that in an action of ejectment (as this is) the plaintiff must recover on the strength of his own title and not upon the weakness of that of his adversary, appellants insist that as respondent relies solely on the location of 1895, which was void on account of the prior valid and subsisting location of 1887, it therefore established no title whatever to the mineral ground which could be enforced against the actual possession of appellants of it when this suit was brought, even though it may appear that appellants themselves had no title to it.

It will be observed that appellants do not attack the findings of the court that the locators and grantors of respondent had fully complied with the mining laws as to posting and recording of their notice and marking the boundaries of the claim in their location of 1895, the prosecution thereafter of development work, the maintenance of continuous and actual possession of the property by the respondent, the discovery of valuable oil therein in June, 1910, prior to the entry and ouster of respondent by appellants and the attempted location by the latter in April, 1911. Nor do they attack the finding of their want of good faith and willful entry upon the actual occupancy and possession of respondent in their attempt to make a mineral location of the property after the discovery

of oil by plaintiff. Neither do they connect themselves in any manner with the location of 1887.

They rely solely upon the purely technical point that as plaintiff acquired no title by the location of 1895 because of the prior location of 1887, the possession of the claim by appellants cannot be disturbed no matter how it was obtained.

Under the view we take of this matter we do not think it necessary to discuss anything about the location of 1887; whether it was or was not a valid and subsisting location as asserted by appellants when the grantors of respondent made their location on the same ground in 1895. The testimony relative to this location of 1887, as the record discloses, came in incidentally in the cross-examination of a witness of respondent called to testify upon another subject. The respondent did not rely on this location of 1887 nor did the appellants. This, however, does not prevent appellants from availing themselves of the benefit of such evidence respecting a location prior to that of the grantors of respondent and thereon invoking the elementary principle that one must recover on the strength of his own title if under the findings they are in a position to do so. But we are satisfied that under those findings they are not in any position to make such attack; that under them—unchallenged upon the part of the appellants—the qualification of the elementary rule must be applied—namely, that possession alone is adequate title as against a mere intruder or trespasser entering upon that possession without color of title.

The undisputed findings of the court are that the respondent was in the actual possession and occupancy of the property after the discovery by it of oil therein when the appellants in bad faith, with full knowledge of these facts, and without any right or color of title ousted the respondent, and although it may be conceded that the location under which respondent was in possession was invalid, still being in the actual possession after discovery, which is essential to perfect any mineral location, and which was the only discovery made under either of the locations of 1887 or that of 1895, the land was not open and unoccupied mineral land which warranted the appellants in the face of such knowledge of respondent's actual possession, to invade such possession, oust respondent therefrom and under such entry attempt to initiate a location of

the property. On the contrary, an intrusion under such circumstances by appellants constituted them naked trespassers who are in no position to raise any issue whatever upon the question of title under which respondent held its possession of the property. While it is true that any competent locator for the purpose of initiating a location for himself may enter upon mineral land of the United States which is not covered by a valid subsisting location even though it be in the actual possession of another, still such entry must be peaceable and in good faith. Good faith confronts any subsequent locator who enters upon the actual possession of a senior locator for the purpose of initiating a claim to the same ground though the senior location be invalid, and when such entry is in bad faith, his acts done thereunder confer upon him no right whatever—his intrusion constitutes a naked trespass. (*Phoenix M. & M. Co.* v. *Lawrence,* 55 Cal. 143; 1 Lindley on Mines, secs. 216, 217; *Sparks* v. *Pierce,* 115 U. S. 408, [29 L. Ed. 428, 6 Sup. Ct. Rep. 102]; *Atherton* v. *Fowler,* 96 U. S. 513, [24 L. Ed. 732]; *Haws* v. *Victoria Copper Min. Co.,* 160 U. S. 303, [40 L. Ed. 436, 16 Sup. Ct. Rep. 282]; *Miller* v. *Chrisman,* 140 Cal. 440, [98 Am. St. Rep. 63, 74 Pac. 444]; *Weed* v. *Snook,* 144 Cal. 439, [77 Pac. 1023]; *Dwinnell* v. *Dyer,* 145 Cal. 12, [7 L. R. A. (N. S.) 763, 78 Pac. 247].)

In *Miller* v. *Chrisman,* 140 Cal. 440, [98 Am. St. Rep. 63, 74 Pac. 444], the rule is stated: "One who thus in good faith makes his location, remains in possession, and with due diligence prosecutes his work toward a discovery, is fully protected against all forms of forcible, fraudulent, surreptitious, or clandestine entries and intrusions upon his possession. Such entry must always be peaceable, open and above board, and made in good faith, or no right can be founded upon it."

In view of the rule supported by these authorities, even though it be conceded that the location of the grantors of the respondent in 1895 was defective, still no right could be initiated in favor of the appellants by their intrusion upon the prior actual possession of the respondent in bad faith, without color of right or title, and ejecting respondent from the property, and the actual prior possession of the respondent was sufficient title under which to recover possession of the premises against the appellants.

The judgment is affirmed.

Henshaw, J., and Melvin, J., concurred.