[Sac. No. 4601. In Bank.—February 27, 1933.]

GEORGE A. TWEEDY et al., Appellants, v. KENNETH PARSONS et al., Respondents.

J. M. McMahon, Woodruff, Musick & Hartke and George Martinson for Appellants.

Raymond McIntosh, Fisher & Coffin and Dean Perkins, for Respondents.

THOMPSON, J.—Plaintiffs commenced this action to establish their right to the possession of certain placer mining

ground then in the actual possession of the defendants and to enjoin defendants from interfering with plaintiffs' use and occupation thereof. The judgment decreed that plaintiffs had no right, title or interest in the real property; that the injunction *pendente lite* theretofore issued be dissolved and that defendants and cross-complainants Fisher, Wheeler and Sandsbury, who were actually working the property until forced to desist by the injunction, recover $1,000 damages. The plaintiffs prosecute this appeal from the judgment.

The respondents Parsons and Hatfield, on July 1, 1929, made, posted and recorded a single notice of location of the Hettie Mae and Hettie Mae Extension placer mining claims, describing them by metes and bounds and as containing 40 acres. The locators monumented the ground and brushed out the lines so that the boundaries could be readily traced and be referable to a natural and permanent object, namely, "Hungry Mouth Creek". The defendants Fisher, Wheeler and Sandsbury, under a working agreement with the locators, entered upon the ground and thereafter resided thereon while performing work in the development of the ground as placer mining claims. It was stipulated that the respondents actually possessed the claims and that Fisher, Wheeler and Sandsbury lived upon and worked them from June 3 to August 19, 1930, and were stopped on August 27, 1930, by service of the injunction heretofore mentioned. Amended notices of location filed by defendants Parsons and Hatfield in October, 1931, were admitted in evidence for the sole purpose of showing the ground claimed and worked by defendants.

On August 19, 1930, appellants Tweedy and wife and one Perry Denmire, who subsequently conveyed to Tweedy, sought to initiate a placer location of 50 acres, called the Defiance claim, and Tweedy, alone, at the same time sought to initiate the Defender claim of 20 acres. The claims were located with reference to legal subdivisions and included the ground covered by the Hettie Mae and Hettie Mae Extension claims.

The appellants' theory is that at the time the locations of the Hettie Mae and Hettie Mae Extension were made on July 1, 1929, the land was not open public land subject to location because in 1928 assessment work had been done

by Lincoln Placers, Inc., successors of prior Lincoln and Argonaut locations. Therefore, they say, respondents' locations were void, and that the Tweedy locations were valid, having been made after the Lincoln Placers, Inc., locations had become subject to relocation by failure to do the annual work thereon. They also argue that respondents' locations are void not only as against the prior locators, but also as against all the world; that failure of the prior locators thereafter to do the annual work did not inure to the benefit of respondents, and hence the Hettie Mae and Hettie Mae Extension locations may not prevail over the appellants' Defiance and Defender locations made after the ground had become subject to relocation. Appellants do not claim to be successors in interest of Lincoln Placers, Inc.

As proof of the prior locations of the Lincoln and Argonaut claims, appellants offered in evidence certified copies of the notices from the records. At the time of the offer the court ruled against their admission as out of the order of proof and the record does not disclose a renewal of the offer. Also, when appellants offered testimony that the assessment work was performed in 1928, their attention was directed to the fact that they were offering evidence of such labor prior to any proven location, and an objection to its introduction was sustained on this ground. No proof was offered of the other requirements of a valid mining location. Under appellants' theory the burden was upon them to establish the validity of the prior Lincoln and Argonaut claims. (*Copper Globe Min. Co.* v. *Allman,* 23 Utah, 410 [64 Pac. 1019].)

The essential question arising upon the record is the manner and nature of appellants' locations. The appellants justify their locations of the Defiance and Defender claims as against respondents actually in possession and honestly working said mining ground under color of their claims, on the ground that the appellants' locations were made openly and peaceably, and therefore prevail over any claim, possessory or otherwise, of the respondents. The trial court, however, has found that appellants' locations were not made in good faith, nor openly, but that they were made secretly, clandestinely, surreptitiously and fraudulently. Appellants practically concede that if their locations were so made they cannot prevail as against the respondents.

Good faith, as an element in the initiation of mining rights under federal and state laws, is absolutely essential to the validity of such rights, may not be dispensed with, and lack of it vitiates any attempt to initiate such rights. (*Belk* v. *Meagher,* 104 U. S. 279, 287 [26 L. Ed. 735]; *Du Prat* v. *James,* 65 Cal. 555 [4 Pac. 562]; *Miller* v. *Chrisman,* 140 Cal. 440 [73 Pac. 1083, 74 Pac. 444, 98 Am. St. Rep. 63]; *Phenix M. & M. Co.* v. *Lawrence,* 55 Cal. 143.) In the last-cited case it is said: "But the person who knows that a mining claim is in the actual possession of another cannot honestly believe that it is vacant, and subject to entry and relocation; and the entry under such circumstances cannot be made in good faith, unless it is made upon some right, or color of right, or claim of a legal right, to make the entry. Such a claim of right must exist before the entry, to constitute good faith in making the entry. If it does not exist, the entry is made without right or color of title, and it is an entry in bad faith; for actual possession in another is *prima facie* evidence of title in the possessor, and is protected by the law against lawless invasion without right or color of right; but one who has a title and present right of possession may always take peaceable possession of what he claims to be his own."

There was evidence to support the finding that appellants' attempted locations were secret, clandestine and the notices thereof "posted at concealed and inconspicuous places upon the property". It requires no amount of argument to demonstrate that a valid mining right to property actually in the possession of another and being worked as mining property cannot be so initiated. (*Hanson* v. *Craig,* 170 Fed. 62 [95 C. C. A. 338]; *Miller* v. *Chrisman, supra; Little Sespe Con. Oil Co.* v. *Bacigalupi,* 167 Cal. 381 [139 Pac. 802]; *Phenix M. & M. Co.* v. *Lawrence, supra.*)

The appellants complain particularly of a finding of the trial court to the effect that at the time of respondents' location the "mining ground was vacant, unoccupied public domain of the United States". We have already observed that the court did not exclude evidence of prior locations further than to require counsel to proceed with the regular order of proof. But, aside from this fact, even if we assumed the locations of respondents to be invalid, in view of a properly supported finding that appellants did not

openly, peaceably and in good faith initiate their claims, the result would not be altered.

Judgment affirmed.

Shenk, J., Seawell, J., Preston, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.