KANAB URANIUM CORPORATION, a
Utah corporation; Betty G. Morgan;
and Audrey H. Peterson, Appellants,

v.

CONSOLIDATED URANIUM MINES,
Inc., a Nevada corporation,
Appellee.

No. 5125.

United States Court of Appeals
Tenth Circuit.

Nov. 12, 1955.

Tex R. Olsen and Ken Chamberlain,
Richfield, Utah (E. R. Callister, Jr., Atty.
Gen., was with them on the brief), for
appellants.

Fred H. Evans, Salt Lake City, Utah
(Gustin, Richards & Mattsson, Salt Lake
City, Utah, were with him on the brief),
for appellee.

Before PHILLIPS, Chief Judge, HUX-
MAN, Circuit Judge, and SAVAGE, Dis-
trict Judge.

HUXMAN, Circuit Judge.

The appellants, Kanab Uranium Cor-
poration, Betty G. Morgan, and Audrey
H. Peterson, instituted this action in the
United States District Court for the
District of Utah against appellee, Con-
solidated Uranium Mines, Inc., for dam-
ages and for an injunction against the
exclusion of appellants from a tract of
public domain prescribed in the com-
plaint.

The complaint in substance alleged
that plaintiffs were the owners of oil
and gas leases issued by the U. S. De-
partment of the Interior covering certain
unsurveyed lands in the public domain
which gave them the right of entry and
possession to operate thereon for oil and
gas; that defendants asserted rights to
certain alleged mining claims within the
boundaries of the leased lands which
claims were wholly void and unfounded;

that plaintiffs while on the lands under the oil and gas leases and as citizens of the United States were wrongfully ousted therefrom by defendants and by threats of force have been prevented from reentering the lands to their damage in the sum of $5,000. The prayer was for $5,000 damages and for an injunction against interference with their right to explore the lands for oil, gas and *other minerals*.

While plaintiffs ostensibly sought protection of their right under their oil and gas mining leases to explore for oil and gas, what they really sought was to restrain defendants from interfering with their efforts to explore the public lands covered by their oil and gas leases for minerals other than oil or gas, and particularly uranium.[1] Defendants in nowise contested their right to explore and drill for oil and gas but did challenge their right to prospect for uranium. In fact, it is clear that appellants have no intent to drill for oil and gas.

Defendants filed a motion to dismiss the complaint for failure to state a cause of action. The motion was sustained and this appeal challenges the correctness of that ruling. The motion was sustained by the trial court on the ground that appellants had not exhausted their administrative procedural remedies under Section 7 of the Act of Congress of August 13, 1954, Public Law 585.

Public Law 585 amended the Mineral Leasing Laws to provide for multiple development of the same tract. 68 Stat. 708, 30 U.S.C.A. § 521 et seq. Section 7 of the Act, 30 U.S.C.A. § 527, provides machinery by which conflicting rights asserted under the Mineral Leasing Laws can be adjudicated. In part it provides "Any applicant, offeror, permittee, or lessee under the mineral leasing laws" may file in the Office of the Secretary of the Interior a request for publication of notice of his claim. This starts the administrative process. The notice is published to inform persons claiming "any right or interest in Leasing Act minerals as to such lands or any part thereof" that they must come in and assert such interest. Failure of an adverse claimant to so assert his interest constitutes a waiver "of any and all right, title, and interest under such mining claim as to, *but only as to*, Leasing Act minerals" and precludes subsequent assertion of any interest "in any Leasing Act mineral by reason of such mining claim." If adverse claims are filed, the Secretary of the Interior or his representative fixes a time and place for "a hearing to determine the validity and effectiveness of the mining claimant's asserted right or interest in Leasing Act Minerals" which results in a binding adjudication. "Leasing Act minerals" are later defined in the Act as "all minerals which, upon August 13, 1954, are provided in the mineral leasing laws to be disposed of thereunder". 30 U.S.C.A. § 530. Examination reveals that such minerals are limited to the following: Coal, phosphate, sodium compounds, potassium, oil, oil shale, gas, sulphur and potash.

The trial court based its conclusions on the ground that plaintiffs had not exhausted their administrative remedy under Section 7 of the Act of August 13, 1954 and, therefore, had no standing in court. It is doubtful if the grounds on which the court based its judgment can be sustained as shall presently appear. But since the judgment in our view in any event is correct, it must be sustained.

Insofar as the defendants' claims are asserted to interfere with plaintiffs' rights to explore and drill for oil and gas it is clear that relief must be sought under the Act. But the right to explore and drill for oil and gas is not challenged. The only right in fact which appellants seek to establish is to go upon the public domain covered by their oil and gas leases and explore for minerals. That is a right they assert "as citizens of the United States to enter upon the public domain for the purpose of prospecting for, discovering, and developing valuable ores

---

1. The oral arguments made it clear that uranium was the mineral involved.

and minerals" and not by virtue of their oil and gas leases.

■ It seems clear that the Multiple Development Act does not purport to establish a procedure for the settlement of disputes as to minerals not covered by the Mineral Leasing Laws. Section 7 specifically states that one failing· to assert his claim in a proceeding thereunder waives his interest "only as to, Leasing Act minerals". As hereinbefore pointed out, the minerals covered thereby are specifically named and set out therein and uranium is not one of them. Therefore, it would· seem to follow that when plaintiffs claim a right as members of the general public to enter· upon the public domain, explore for uranium, and stake mining claims covering uranium, a controversy between them and conflicting claimants need not be submitted to the procedures of Section 7 of the Multiple Development Act.

The acquisition of an interest in such minerals is governed by the provisions of 30 U.S.C.A. § 21 et seq. Section 30 provides than an "adverse claimant" can begin a proceeding in a "court of competent jurisdiction" to determine the right of possession of a tract. Since there is diversity of citizenship and the requisite amount in controversy, there would seem to be jurisdiction in the Federal court in this case to determine such controversy if plaintiffs are shown to be "adverse claimants."

Aside from activities under the oil and gas lease which are not involved, appellants admit that they have made no discovery and no location on the disputed territory. In fact, their complaint is that appellee who has gone onto these lands, has done some prospecting work, has posted notices, and has filed mining claims prevented them from going upon these lands for the purpose of making discoveries, posting notices and filing mining claims of their own. While they deny that appellee was in actual possession, they admit that it had filed notices of location; that it had erected upon the ground some purported discovery monuments; and that appellants were ousted from the premises "by the defendant asserting as a right therefor the aforesaid mining· claims filed by the defendant." What they in effect sought was an adjudication that they had a right to go onto these premises to explore for uranium and to restrain appellee from interfering with them because the right of possession and title of appellee to their mining claims were in fact void. It seems clear from the face of the complaint that appellee was in possession of the premises under color of title, of which fact appellants had full knowledge, and the title was being asserted by appellee in defense of its possession.

No case is cited and our search has revealed none which has considered the asserted right of a citizen out of possession to challenge or litigate the validity of a mining claim of one in possession. 30 U.S.C.A. § 53 provides:

"No possessory action between persons, in any court of the United States, for the recovery of any mining title, of [sic] for damages to any such title, shall be affected by the fact that the paramount title to the land in which such mines lie is in the United States; but each case shall be adjudged by the law of possession."

■■ It follows, therefore, that since appellants have no title to a mining claim and assert only the right to go upon the premises to explore for minerals they are in no position to attack the validity of appellee's title to its mining claims, because it is the law without exception that in all actions to recover possession of land or an interest therein one must prevail upon the strength of his own title and not on the weakness of his adversary's title.[2]

2. Reynolds v. Iron Silver Mining Co., 116 U.S. 687, 6 S.Ct. 601, 29 L.Ed. 774; Haws v. Victoria Copper Mining Co., 160 U.S. 303, 16 S.Ct. 282, 40 L.Ed. 436; Union Oil Co. of California v. Smith, 249 U.S. 337, 39 S.Ct. 308, 63 L.Ed. 635; Rooney v. Barnette, 9 Cir., 200 F. 700; Duffield v. San Francisco Chemical Co., 9 Cir., 205 F. 480; Little Sespe Consol. Oil Co. v. Bacigalupi, 167 Cal. 381, 139 P. 802; Eilers v. Boatman, 3 Utah 159, 2 P. 66.

While some of the cases say that possession may be maintained only by "continued actual occupancy by a qualified locator or his representatives engaged in persistent and diligent prosecution of work looking to the discovery of mineral",[3] they hold that "As against a mere intruder, the possession of a mining claim by a locator who has complied with the law is of itself sufficient to prevent the intruder, even upon a peaceable entry, from acquiring a right of possession."[4]    The right as general citizens which appellants assert to go upon premises occupied by another under color of title, even though defective, is not right of title entitling them to maintain this action.

Affirmed.

See also, D.C., 126 F.Supp. 552.

3. Union Oil Co. of California v. Smith, 249 U.S. 337, 348, 39 S.Ct. 308, 311, 63 L.Ed. 635.

4. Biglow v. Conradt, 9 Cir., 159 F. 868, 870.