[Civil No. 1178.   Filed March 25, 1911.]

[114 Pac. 565.]

EDWARD ZEIGER, Defendant and Appellant, v. J. T. DOWDY and E. L. GIBSON, Plaintiffs and Appellees.

1. MINES AND MINERALS—LOCATION—RIGHTS ACQUIRED—RIGHTS UNDER OCCUPANCY WITHOUT LOCATION.—Where the person in possession and occupancy of mineral lands does not claim government title under the land laws, his rights are those of a mere licensee of the government, and he must give way at the instance of one who makes a valid entry of the land under the public land laws; but, until a valid entry is made, only the government can complain of his occupancy.

2. MINES AND MINERALS—LOCATION AND ACQUISITION OF CLAIMS—DIS-
COVERY.—It is essential, under Revised Statutes of the United States,
sections 2329, 2330 (U. S. Comp. Stats. 1901, p. 1432), to the
validity of a mining claim that the ground be mineral in character,
and that a discovery of mineral within the confines of the claim be
made.

3. MINES AND MINERALS—LOCATION AND ACQUISITION OF CLAIMS—
RELOCATION.—A claim of mining lands under a relocation is an im-
plied admission of the validity of the location, but one who has at-
tempted a relocation and then expressly renounced any claim under it,
but who yet claims an interest in some other right which would entitle
him to show that he never attempted such relocation, is precluded
from showing that the original locator never made a location, but
is, in fact, perpetrating a fraud upon the government.

4. MINES AND MINERALS—LOCATION—ACTION TO DETERMINE RIGHTS.—
In an action by parties under a location of mineral lands against
a party claiming some interest by occupancy and possession, evidence
by the defendant tending to prove that the ground is .nonmineral,
that no discovery was made, that no location notices were posted
by plaintiffs within the boundaries of their claims, and that de-
fendant's grantor was in actual possession at the time plaintiffs
attempted to make their location, is admissible.

APPEAL from a judgment of the District Court of the
Fourth Judicial District of the Territory of Arizona, in and
for Yavapai County. Edward M. Doe, Judge. Reversed.

The facts are stated in the opinion.

Norris & Smith and Ross & O'Sullivan, for Appellant.

"An action to determine the right to mining ground is in
the nature of a suit to quiet title, so that plaintiff can re-
cover only on the strength of his own title, and if he fails to
show title it is immaterial that defendant has none."
*Schroder* v. *Aden Gold M. Co.*, 144 Cal. 628, 78 Pac. 20. A
complaint by townsite claimants alleging that they claim un-
der a townsite occupancy that was prior to the placer min-
ing location under which the defendant claimed, without
stating that any steps had been taken to make entry or con-
nect with the government, was held on demurrer to be suffi-
cient. *Bonner* v. *Meikle*, 82 Fed. 697, 19 Morr. Min. Rep. 83;
*Young* v. *Goldsteen*, 97 Fed. 303. An answer alleging that
the defendants claim the land in question by virtue of a prior
townsite settlement and occupation was held on demurrer, in

a suit by a subsequent placer mining locator, to be sufficient. *Cascaden* v. *Bartolis,* 146 Fed. 730, 77 C. C. A. 496. The rights of a *bona fide* possessor of public lands· will be protected. *Ritter* v. *Lynch,* 123 Fed. 930; *Waring* v. *Loomis,* 35 Wash. 87, 76 Pac. 510; *Tustin* v. *Adams,* 87 Fed. 377; *Davis* v. *Simmons,* 1 Ariz. 25, 25 Pac. 536; *Tidwell* v. *Chiricahua Cattle Co.,* 5 Ariz. 352, 53 Pac. 192; *Neal* v. *Kayser,* 12 Ariz. 118, 100 Pac. 439.

Robt. E. Morrison, for Appellees.

Where a person makes a relocation of mining ground, alleging in his notice abandonment as the reason for relocation, he is estopped thereafter from attacking the validity of the original location. *Belk* v. *Meagher,* 104 U. S. 279, 26 L. Ed. 735; *Providence G. M. Co.* v. *Burke,* 6 Ariz. 323, 57 Pac. 641; *Zerres* v. *Vanina,* 150 Fed. 564, 80 C. C. A. 366; *Jackson* v. *Prior Hill M. Co.,* 19 S. D. 453, 104 N. W. 207.

CAMPBELL, J.—Appellees brought this action to quiet title to a placer mining claim, the complaint alleging a discovery, by the plaintiffs, of mineral upon the unoccupied mineral lands of the United States and the performing of the various acts of location required by law, and that the defendant claimed some interest therein by virtue of an attempted relocation of the ground. The defendant, appellant here, answering, denied that plaintiffs made any discovery of mineral, denied that the ground was mineral in character, denied that he claimed any interest therein by virtue of any attempted location, and alleged that he claimed a portion of the ground in controversy by reason of the fact that for more than ten years last past there has been a settlement, village, or town upon the ground attempted to be located by the plaintiffs as a mining claim; that many houses for residence and business purposes have been erected thereon, some of which defendant purchased and is in possession of, and upon which he and his grantors have paid taxes for a number of years; and that the ground was not unoccupied at the time plaintiffs attempted to make their location. At the trial the plaintiffs produced testimony tending to establish the character of the ground as placer mineral ground, the discovery of mineral thereon, and the performance of the

various acts of location. A location notice, filed by the defendant, whereby he sought to relocate the ground covered by the plaintiffs' location, because of forfeiture incurred by failure to do the annual assessment work during the year 1908, was also put in evidence. An objection to any testimony on the part of the defendant was sustained, and judgment entered for plaintiffs, from which and the order denying a new trial this appeal is prosecuted.

In the absence of any showing that he is seeking to connect himself with the government title under the townsite or other public land laws of the United States, we do not think appellant can claim any rights other than those of an occupant of the public lands. His rights are those of a licensee of the government, and he must give way to one who makes a valid entry of the land under the public land laws. But, until a valid entry is made, only the government may complain of his occupancy. The plaintiffs may have their title quieted only if they have one.

It is essential to the validity of a mining claim that the ground be mineral in character, and that a discovery of mineral within the confines of the claim be made. Sections 2329–2330, Revised Statutes of the United States (U. S. Comp. Stats. 1901, p. 1432); *Chrisman* v. *Miller,* 197 U. S. 313, 25 Sup. Ct. 468, 49 L. Ed. 770.

The defendant offered evidence tending to prove that the ground is nonmineral; that no discovery was made; that no location notice was posted by plaintiffs within the boundaries of their claim; and that his grantor was in actual possession at the time plaintiffs attempted to make their location. All of this evidence should have been received unless it may be said, as contended by appellees, that the defendant is precluded from denying the validity of the location by reason of having attempted a location. That he would be held to have impliedly admitted the validity of plaintiffs' location, were he claiming under the relocation, is undoubtedly true. *Belk* v. *Meagher,* 104 U. S. 279, 26 L. Ed. 735; *Providence Gold Mining Co.* v. *Burke,* 6 Ariz. 323, 57 Pac. 641; *Zerres* v. *Vanina,* 150 Fed. 564, 80 C. C. A. 366.

These authorities, however, go no further than to hold that the relocator may not show the invalidity of the original location where he claims under his relocation; and we are un-

willing to enlarge the doctrine to the extent of holding that one who has attempted a relocation, but who has abandoned it and expressly renounced any claim under it, but who nevertheless claims an interest in some other right which would entitle him to be heard had he never attempted such relocation, may not show that the original locator never made a location, but is in fact perpetrating a fraud upon the government. It is true that he is upon the public lands as a mere licensee, but his rights in that respect are at least equal to those of the plaintiffs, if the latter's claim as mineral locators is invalid. "The right to the possession comes only from a valid location. Consequently, if there is no location, there can be no possession under it." *Belk* v. *Meagher, supra.* Appellees appear to rely upon the case of *Veronda & Ricoletto* v. *Dowdy, ante,* p. 265, 108 Pac. 482. We there decided that a trespasser making no claim to the land under any of the public land laws could not be heard to urge, against one who had made a discovery upon mineral land and performed the acts of location, that the land was more useful for purposes other than mining. See *Haws* v. *Victoria Copper Mining Co.,* 160 U. S. 303, 16 Sup. Ct. 282, 40 L. Ed. 436. We do not perceive that anything we there said is authority for the position assumed by appellees in this case.

For the reasons indicated, the judgment of the district court is reversed, and the cause remanded for a new trial.

KENT, C. J., and DOAN and LEWIS, JJ., concur.

NOTE.—For a note treating at length the question of location of a mining claim, see 7 L. R. A., N. S., 763.