[Civil No. 1595.   Filed December 18, 1918.]

[176 Pac. 845.]

FLORENCE E. FOSTER, Appellant, *v.* WALTER BLACK,
   MABEL    BLACK,    THOMAS    GRAVES,    EMMA
   GRAVES and E. B. HUGHES, Appellees.

1. FORCIBLE ENTRY AND DETAINER—ISSUE OF POSSESSION—STATUTE.—
   In action of forcible entry and detainer to recover a mining claim,
   only issue involved, under Civil Code of Arizona of 1913, paragraph
   1536, is right of actual possession, merits of title not being open to
   inquiry, as even owner of realty may be dispossessed if he has forcibly
   or unlawfully taken possession.

2. FORCIBLE ENTRY AND DETAINER—EVIDENCE—EXTENT OF CLAIM AND
   POSSESSION.—In action of forcible entry and detainer to recover pos-
   session of part of mining claim, recorded notice of location and deeds
   from plaintiff's predecessors to her were evidence competent to show
   extent of her claim and possession, but not to show title, as also was
   evidence of monuments placed on property.

3. FORCIBLE ENTRY AND DETAINER—EVIDENCE—ACTUAL POSSESSION.—
   In action of forcible entry and detainer to recover part of mining
   claim, evidence of acts of dominion and control by plaintiff and her
   predecessors, as doing of annual assessment work, was properly ad-
   mitted as tending to show actual possession.

4. FORCIBLE ENTRY AND DETAINER—POSSESSION OF MINING CLAIM—
   QUESTION OF FACT OR LAW.—The question, in an action of forcible
   entry and detainer, as to whether plaintiff's possession of the min-
   ing claim involved is actual or not, is ordinarily one of fact; but
   where the facts are undisputed, it is a question of law.

5. FORCIBLE ENTRY AND DETAINER—POSSESSION OF PLAINTIFF—LOCA-
TION OF MINING CLAIM—"ACTUAL POSSESSION."—Plaintiff, in for-
cible entry and detainer to recover part of mining claim, whose prede-
cessor located part of public domain as claim by monumenting it,
and caused notice of location to be recorded under mining law, and
did proper assessment work yearly, had actual possession and right
of actual possession of ground within limits of location as against
squatter thereon as on public domain, though plaintiff had never been
personally on claim.

6. FORCIBLE ENTRY AND DETAINER — DEFENSES — MINERAL CLAIM.—
Where plaintiff's predecessor located a mining claim and monumented
it, causing notice to be recorded as required under mining law, and
doing necessary yearly assessment work, even if no mineral was found
by plaintiff, the defendants in her action for forcible entry and de-
tainer, mere squatters as on public domain, being trespassers on
plaintiff's possession, and not in privity with government title, could
not set up defense that no mineral had been found.

[As to notice and demand for possession, see note in 121 **Am. St.
Rep.** 402.]

APPEAL from a judgment of the Superior Court of the
county of Mohave. John A. Ellis, Judge. Reversed.

Mr. Charles L. Lewis, for Appellant.

Mr. Carl G. Krook, for Appellees.

ROSS, J.—The appellant, as plaintiff in the lower court,
brought an action of forcible entry and detainer against the
appellees to recover from them a small portion of what is
known and recorded as the Watch mining claim. The case
was tried by the court without a jury.

On the issue in this kind of case, and the only issue involved
—the right of actual possession—the material facts found
were that one of the predecessors in interest of plaintiff, in
the year 1912, located and monumented the Watch mining
claim, "by six substantial posts projecting at least four feet
above the surface of the ground, one at each corner of said
claim and one at the center of each end-line thereof"; that
the appellant and her predecessors in interest had, each year
thereafter up to the date of the trial in January, 1917, done
and performed $100 worth of work and improvements upon
the claim; that in July, 1916, the appellees went upon a small
portion of the said Watch mining claim, and have ever since

been and are now in the actual possession of said fraction of the claim; and that appellees have no title to the premises other than bare possession. It is also found as a fact that the appellant was not in the actual possession of the premises in dispute at the time the appellees entered thereon, nor has the appellant ever been in the possession of said premises except as possession might be implied from her ownership of said Watch mining claim.

As conclusions of law, the court found that the Watch mining claim was not a valid subsisting mining location, and that plaintiff was not entitled to the exclusive possession of the surface ground thereof, and particularly to the possession of the premises occupied by appellees; that the appellees were squatters upon the open and unappropriated domain of the United States; that they were not guilty of forcible entry; and that the appellant was not entitled to restitution. Judgment against the appellant was duly entered, from which she prosecutes this appeal.

Much of the evidence, which is quite voluminous, was devoted to trying the question of title to the mining claim, it being assumed by both parties, and apparently acquiesced in by the court, that if the appellant and her predecessors in interest had never discovered mineral in place on the mining claim, her title would fail, and consequently her right of possession would be defeated. All this evidence is outside of the issue. Our statute (Civ. Code 1913, par. 1536) reads: "On the trial of any case of forcible entry, or of forcible detainer, the only issue shall be as to the right of actual possession; and the merits of the title shall not be inquired into."

In *Bishop* v. *Perrin,* 4 Ariz. 190, 35 Pac. 1059, the court, in speaking of this provision, said: "In forcible entry and detainer, the right to present and immediate actual possession is the only question for adjudication."

It was not a question as to who had the better title, for the merits of the title may not be inquired into. The question was, Who was entitled to the possession? Which one of the contending parties had the right of actual possession? In actions of this kind, even the owner of real property may be dispossessed if he forcibly or unlawfully takes possession of the same.

The recorded notice of location and the deeds to plaintiff were competent evidence to show the extent of the claim and

possession of the plaintiff, but not to show title. Likewise, evidence of the monuments placed upon the property was competent evidence of the extent of the claim and right of possession of the plaintiff, but not to prove title in her. Acts of dominion and control, such as doing annual assessment work, were properly admitted in evidence as tending to show actual possession. *Beeler* v. *Cardwell*, 29 Mo. 72, 77 Am. Dec. 550, and extended note, p. 552; R. C. L. 1177, § 35; *Texas-Mexican Ry. Co.* v. *Cahill* (Tex. Civ. App.), 23 S. W. 232.

The question is whether, in an action of this kind, one who locates a piece of the public domain, by monumenting the same so that its exterior boundaries may be easily seen and known, and causes a notice of such location to be recorded as required under the mining law, and thereafter yearly causes $100 worth of representation work to be done, has by these acts acquired the actual possession and the right of actual possession of the ground included within the limits of his location as against one claiming no other right than a squatter upon the public domain, who enters thereon without the permission and against the will of the locator. If, by such acts, the locator is in contemplation of law in the actual possession of the mining claim and the whole thereof, then the entrance thereon by any third party would be a mere trespass, and would amount to an unlawful entry upon the possession of the locator, and to an unlawful detainer if he remained there.

With reference to the character of possession and the acts of dispossession in the action of forcible entry and detainer, in *Felber* v. *Thorpe*, 19 Ariz. 594, 173 Pac. 1058, we said:

"A 'forcible entry' or an entry where entry is not given by law within the meaning of said chapter 5 is defined by paragraph 1526, C. C. A. 1913, as 'an entry without the consent of the person having the actual possession.' On the trial of any case of forcible entry . . . the only issue shall be as to the right of actual possession; and the merits of the title shall not be inquired into. Paragraph 1536, C. C. A. 1913. The expression 'actual possession' has been defined by the courts in numerous cases. See title Actual Possession, 1 Words and Phrases, 164. A few definitions are, to wit:

" 'Actual possession is in possession of the character required by the character and situation of the land.' *Allaire* v. *Ketcham*, 55 N. J. Eq. 168, 35 Atl. 900.

" 'Possession of land is actual when there is an occupancy according to its adaptation and use.' *Morrison* v. *Kelly,* 22 Ill. 609, 74 Am. Dec. 169.

" 'Actual possession is a question of law and fact, and its determination must largely depend upon the situation of the parties, the size and extent of the land, and the purpose for which it is adapted.' *Johnston* v. *Albuquerque,* 12 N. M. 20, 72 Pac. 9.

" 'By "actual possession" as used in a statement that forcible entry is high-handed invasion of the actual possession of another is meant that he shall be in actual use and enjoyment of the land for such purpose as it is capable of, and not that the prosecutor shall be actually present at the time.' *State* v. *Newbury,* 122 N. C. 1077, 29 S. E. 367."

In that case we held that an actual inclosure was not necessary to actual possession; that if the ground was used for the purpose to which it was adapted, it would constitute "such actual possession as the statute contemplates and protect itself against encroachment by others having no better right."

In *English* v. *Johnson,* 17 Cal. 107, 116, 76 Am. Dec. 574, the question involved was the acts necessary to constitute actual possession of a mining claim, and the court said:

"We think where a claim is distinctly defined by physical marks, that possession taken for mining purposes embraces the whole claim thus characterized, though the actual occupancy or work done be only on, or of a part, and though the party does not enter in accordance with mining rules, or under a paper title. The rule which applies to agricultural land, and holds to a more strict interpretation of a *possessio pedis,* does not apply to such a case. . . . The physical marks upon and around the claim are sufficient to notify everyone of the possession and claim of the possessor; and, by common understanding, the going upon a claim to work it is an appropriation of the entire claim. . . . "

The rule laid down in *English* v. *Johnson, supra,* to the effect that actual possession of mining ground is acquired by monumenting the same so that its boundaries may be easily traced and by doing the work thereon that is ordinarily done on mining claims, is followed and approved by *Campbell* v. *Rankin,* 99 U. S. 261, 25 L. Ed. 435.

This rule was approved in *Deemer* v. *Falkenburg,* 4 N. M. 59, 12 Pac. 117.   See, also, *Garthe* v. *Hart,* 73 Cal. 542, 15 Pac. 93, wherein the court said.:

"Possession is good against mere intruders (*Attwood* v. *Fricot,* 17 Cal. 37, 43 [76 Am. Dec. 567] ; *English* v. *Johnson,* 17 Cal. 115 [76 Am. Dec. 574] ; *Hess* v. *Winder,* 30 Cal. 355; *Golden Fleece Co.* v. *Cable Con. Co.,* 12 Nev. 321, 322) ; but it is not good as against one who has complied with the mining laws (*Du Prat* v. *James,* 65 Cal. 556, 557 [4 Pac. 562])."

Judge Sawyer, in *North Noonday Mining Co.* v. *Orient Mining Co.* (C. C.), 11 Fed. 125, says:

"As I understand the recent decisions of the Supreme Court of the United States, under the pre-emption laws, no man can initiate a pre-emption, or other right under those laws, by an entry upon the actual possession of another, be that other a competent pre-emptioner ·or rightfully in possession as against the government or otherwise. *Trenouth* v. *San Francisco,* 100 U. S. 251, 256 [25 L. Ed. 626] ; *Atherton* v. *Fowler,* 96 U. S. 513 [24 L. Ed. 732]. If that be so, the principle is equally applicable to rights acquired in mining claims.   It would be strange indeed if Congress should pass laws to encourage trespasses and breaches of the peace by authorizing a title to be initiated and founded upon a trespass upon the actual possession of another."

In *Haws* v. *Victoria Copper Mining Co.,* 160 U. S. 303, 316, 40 L. Ed. 436, 16 Sup. Ct. Rep. 282, 287, the court, speaking through Justice WHITE, said:

"The elementary rule is that one must recover on the strength of his own and not on the weakness of the title of his adversary, but this principle is subject to the qualification that possession alone is adequate as against a mere intruder or trespasser without even color of title, and especially so against one who has taken possession by force and violence. This exception is based upon the most obvious conception of justice and good conscience.   It proceeds upon the theory that a mere intruder and trespasser cannot make his 'wrongdoing successful by asserting a flaw in the title of the one against whom the wrong ·has been by him committed."

One of the findings was that the plaintiff did not have actual possession of the mine at the time the defendants entered thereon, and that at no time was she in possession of the

same, "except as possession might be implied from her owner-ship of the said Watch mining claim."

The question as to whether possession of a mining claim is actual or not is, ordinarily, a question of fact, but where the facts are, as in this case, undisputed, it is a question of law. The other facts found by the court clearly show that the deduction therefrom, to the effect that plaintiff did not have actual possession of the mining claim, was not justified. It may be that the plaintiff had not been personally upon the mining claim, but it was not necessary, as one may hold actual possession by agents or servants.

Even if this action was of a kind that permitted an inquiry into the merits of the title to the premises, it would seem that the question here made by the appellees, that the ground covered by the Watch mining claim is not mineral, and therefore could be entered and occupied by them with impunity, has already been decided by this court against them.

*Veronda & Recoletto* v. *Dowdy,* 13 Ariz. 265, 108 Pac. 482, was an action in ejectment to recover possession of a mining claim. The defense was that the ground was nonmineral, and had been located by plaintiff for the buildings thereon and not for its mineral value. Defendants occupied a building that had been placed there long before plaintiff's location of his mining claim, and to which plaintiff had no title except such as he may have acquired by virtue of his mining location. In that case, as in the present one, the defendants did not undertake to connect their possession with the government title, and their right to question the title of plaintiff was disposed of by the court with this language:

"Appellee made a valid location, after a discovery of mineral. The appellants, being mere trespassers, making no claim to the ground under the public land laws, cannot, by showing that the land is more valuable for some purpose other, than mining, oust him from possession."

This is reaffirmed in *Zeiger* v. *Dowdy,* 13 Ariz. 331, 114 Pac. 565, wherein it is held that an occupant of the public lands, although a mere licensee, may defend his possession against everybody except the government and those claiming under the government. In other words, that the prior occupant may show that the ground was nonmineral, that no discovery was made, that no location was posted on the claim, and that he was in the actual possession at the time the loca

tion was attempted. This, however, is no authority to defendants to enter upon the possession of appellant, even though he were only a licensee and thereafter defend that act, except by connecting the entrance with the government's title. The appellant here is not ''a mere trespasser making no claim to the land under any public land laws,'' as was stated of the Veronda & Recoletto case by the court in the Zeiger case, but, on the contrary, she and her predecessors in interest did all the formal acts required by law to locate a valid mining claim, expended in work and improvements $100 for each of the years 1912, 1913, 1914, 1915 and 1916, and, even if it be a fact that no mineral was found by appellant, the appellees, being trespassers upon the appellant's possession, and not being in privity with the government title, were not in a position to set up that kind of defense.

We think, on the uncontroverted facts of the case, the judgment should have gone for plaintiff. It is therefore ordered that the judgment be reversed and' the cause remanded, with directions that judgment be entered for the appellant.

CUNNINGHAM, C. J., and JOHN WILSON ROSS, J., concur.

---

On right of one who was in peaceable possession to maintain forcible entry and detainer against another entitled to possession who forcibly dispossesses him, see note in 8 **L. R. A. (N. S.)** 426, and 32 **L. R. A. (N. S.)** 51.