[Civil No. 1704.   Filed March 22, 1920.]

[188 Pac. 266.]

## BEN CALLISON, Appellant, v. J. M. RONSTADT, Appellee.

1. PUBLIC LANDS—OCCUPANCY AND IMPROVEMENT OF UNSURVEYED LANDS WITH INTENT TO MAKE ENTRY IS LAWFUL.—Occupancy and improvement of unsurveyed land in good faith by settler, who makes it his home with the intention of making entry when it has been surveyed, is lawful.

2. PUBLIC LANDS—OCCUPANT OF UNSURVEYED LAND MAY FENCE THOUGH PASSAGE OF CATTLE PREVENTED.—Defendant, a citizen duly qualified to enter a homestead under the land laws of the United States, having established his home on unsurveyed public land so as to acquire a three months' preference right to enter the same under act of February 19, 1909 (U. S. Comp. Stats., §§ 4563–4568), cannot be enjoined by an adjacent owner of patented land from erecting fences on the theory that erection of such fences would prevent cattle belonging to the owner of the patented land from

passing from the open range to the owner's watering-troughs, for such a restriction would be an invasion of the homestead rights of the occupant.

3. PUBLIC LANDS—GRAZER ON OPEN DOMAIN HAS NO RIGHTS SUPERIOR TO SETTLER.—One grazing cattle on public lands cannot acquire an easement for passage of his cattle to his own lands and into public domain superior to the rights of a homestead settler, who desired to fence the unsurveyed lands occupied, for the grazing of cattle is authorized only by implied license.

4. PUBLIC LANDS—IMPROVEMENTS OF SETTLER ARE PROTECTED AS "PROPERTY."—The improvements of a settler on public lands are treated and protected as property.

APPEAL from a judgment of the Superior Court of the County of Pima. Samuel L. Pattee, Judge. Reversed and dismissed.

### STATEMENT OF FACTS.

This is an action by the appellee against the appellant, by which the plaintiff-appellee is seeking to enjoin the defendant-appellant from building a fence on his possessory claim. The said possessory claim is on unsurveyed public domain, adjoining lands of the plaintiff. The plaintiff alleges that if defendant is permitted to erect such fence the fence will prevent plaintiff's cattle from crossing defendant's possessory claim for the purpose of watering at plaintiff's watering-troughs on plaintiff's lands, and thereby prevent plaintiff's cattle from feeding on the open range, the unsurveyed public domain lying north and west beyond defendant's said land claim.

The court overruled a demurrer to the complaint, and after hearing testimony, made the following order (omitting formal portions):

" . . . Doth order and decree that a temporary injunction do issue, restraining said defendant, his agents, . . . from so fencing the said tract of land claimed by him and set forth in his answer to said complaint . . . so as to prevent the ingress and

egress of plaintiff's cattle to and from the plaintiff's premises, as set forth in the complaint of the plaintiff, without prejudice, however, to any right of the defendant to make or attempt to make entry upon said lands described in said answer of the defendant, claimed by him, or to settle upon, improve or cultivate the same as he may otherwise see fit, or to take any steps looking to the acquiring of title thereto from the United States without interference of, said plaintiff, except that such plaintiff may protest or otherwise object to the acquiring of said title by said defendant, Callison, as may be authorized under the laws of the United States. . . . ''

From such order and judgment the defendant has appealed.

Messrs. Kingan & Campbell, for Appellant.

Mr. James R. Dunseath, for Appellee.

CUNNINGHAM, C. J. (After Stating the Facts as Above.)—The defendant is a citizen duly qualified to enter a homestead under the public land laws of the United States. Clearly, he was performing acts of settlement on 320 acres of unsurveyed, unappropriated public land when enjoined in this action. He had theretofore plainly marked the exterior boundaries of the lands claimed as his homestead, so as to acquire a three months' preference right to enter the same under the act of February 19, 1909 (U. S. Comp. Stats., §§ 4563–4568; 8 Fed. Stats. Ann., 2d ed., pp. 613–617), and other acts of Congress, all as provided by 21 Stat. 141, 31 Stat. 683, 37 Stat. 267 (section 4538, U. S. Comp. Stats.; 8 Fed. Stats. Ann., 2d ed., pp. 598, 599).

Occupancy and improvement of unsurveyed land, in good faith, by a settler who makes it his home, with the intention of making entry of the same when it shall have been surveyed, has always been recog-

nized as lawful. *Holmes* v. *United States,* 118 Fed. 995, 55 C. C. A. 489.

The defendant had a lawful right to *bona fide* appropriate unsurveyed public land for a homestead by marking the boundaries of his claim, by improving the same, and exercising acts of ownership over the claim, including the placing of fences on any portion of his claim. Unsurveyed public lands are not subject and subordinate to the private owners of adjacent lands. Owners of adjacent patented lands acquire no right of way for their cattle over unsurveyed public lands by long or short periods of usage. The grazing of cattle on the unappropriated public lands of the United States is lawful by implied license from the government. The license right continues so long as the land remains unappropriated. Whenever a settler appears and *bona fide* appropriates the public lands with the intention of acquiring title thereto, the government license to the cattle owner ceases to exist, and the appropriator becomes the licensor by implication.

The order complained of has the effect of charging the possessory rights of the appellant with easement for the right of way over defendant's land claim for plaintiff's cattle to pass from the open range to plaintiff's watering-troughs, and return to the open range for a period of time until defendant actually acquired fee-simple title to the claim. The order, on its face, grants to the plaintiff an interest in defendant's possessory right adverse and superior to defendant's claim. This denies to the claimant the right to the exclusive possession of the lands claimed and marked on the ground, but grants to the plaintiff a superior right to have his range cattle pass over said land claim, and enjoins the defendant from placing a fence on such land claim as to prevent the free passage of such cattle over such claim.

This deprives the defendant of a sacred right allowed him by Congress, by the exercise of which he is given a preference right to enter the land as a homestead when the land is opened for entry. If the court can prevent a settler from fencing his claim or otherwise interfere with a settler's acts of ownership over such claim for the reason that such act or acts interfere with cattle owners' licenses on public lands, then the court can prevent the settler from building a dwelling-house, a barn, a corral, a road, or a ditch, or from making any other improvement · looking toward the establishment of a home, if such improvement has the effect of preventing the adjacent land owners' cattle from the full enjoyment of such public land as a place to feed.

The court said, in *Anthony Wilkinson Livestock Co.* v. *McIlquam,* 14 Wyo. 209, 83 Pac. 364:

"Now the right or privilege of pasturage upon open, uninclosed and unreserved public lands does not depend upon the ownership of neighboring lands, nor does such ownership, as we understand, confer any peculiar or greater privileges in respect to such right of pasturage. But the position assumed by the plaintiff seems to be that, because he has secured title to a quarter-section in a large unsettled territory, which he desires to use in connection with uninclosed public lands, he may so far demand that his premises be rendered accessible from the public · lands as to control by injunction the erection of fences otherwise lawful upon intervening lands, which have passed into private ownership. We are aware of no principle upon which that position can be maintained."

"No person can question the occupancy or possession of one residing on lands belonging to the United States unless he shows a better title or title in himself." 32 Cyc. 823.

The first case reported by the appellate court of Arizona (*Davis* v. *Simmons,* 1 Ariz. 25, 25 Pac. 535)

defines the rights acquired by a settler on unsurveyed public lands as follows:

"The essential legal requisites of a possessory right in lands here are the intention of the occupant permanently to occupy and improve the same for his home, and the manifestation of that intention as early as practicable, by such improvements and badges of ownership as shall make it known to others. . . . This intention of permanent occupancy as a home, and sufficient improvement to proclaim it to the world, are all that our act concerning possessory rights in public lands, or the homestead laws of the United States, require."

The order here entered forestalls the defendant, and prevents him from making improvements and exercising acts of ownership in the particular of erecting fences, a clear interference with his possession. Hence the clear effect of the order is to prevent the defendant from acquiring a possessory right in the public lands, by means of preventing him from making essential improvements thereon, for the asserted reason that appellee has a better right to graze his cattle on the public lands.

The appellee contends that in the *McIlquam case,* 14 Wyo. 209, 83 Pac. 364, the defendant sought to be enjoined "owned the land" which he was about to fence, but in this case "the appellant does not own any of the lands sought to be fenced, although he attempted to acquire some 'color of title' to enable him to fence. And appellee is the only person who will suffer from the acts of the appellant. The appellant is not the owner of the lands in question, on which the fence was sought to be erected, and can only obtain title to it through the sufferance of the United States government, by compliance with certain requirements."

This is no answer to the question. The appellee has, with an erroneous order of the court, prevented

the appellant from a compliance with certain requirements, viz., building fences as improvements. The improvements of a settler on public lands are treated and protected as property. *Gaines* v. *Hale*, 26 Ark. 168; *California Northern Ry. Co.* v. *Gould*, 21 Cal. 254; *Attridge* v. *Billings*, 57 Ill. 489; *French* v. *Carr*, 7 Ill. (2 Gilm.) 664. In order to be protected, the settler is not required to have fee-simple title; his exclusive right to possession is ample title to warrant acts of ownership and protect property attached to the land by him as a *bona fide* settler. The laws give him the right to establish settlement on public lands, and the same laws protect his occupancy rightly begun. As seen above, the *bona fide* settler's occupancy of unsurveyed public lands cannot be questioned in any particular by anyone other than the government. This restraining order in favor of the plaintiff does question defendant's right to erect a fence as an improvement on the land, and therefore the overruling of the demurrer and the granting of the injunction was prejudicial error.

The judgment is vacated and the cause remanded, with instructions to sustain the demurrer and dismiss the complaint.

ROSS and BAKER, JJ., concur.