[Civil No. 1895.  Filed January 18, 1922.]

[203 ·Pac. 554.]

# J. W. WAMBLE, Appellant, v. ELLA F. EVANTS and WILLIAM R. EVANTS, Her Husband, Appellees.

1. PUBLIC LANDS—ENTRYMAN HAS SUFFICIENT POSSESSION TO SUPPORT FORCIBLE ENTRY AND DETAINER.—The actual possession which will support an action of forcible entry and detainer does not require actual physical presence on the premises, and where an entryman, or proposed entryman, under any of the public land laws of the United States, has taken possession of the land and taken steps to exercise dominion and control over it, and has not been absent for such a period as would justify a conclusion that he had abandoned the premises, he has sufficient possession.

2. PUBLIC LANDS—PERSON ENTERING HELD TO HAVE SUFFICIENT POSSESSION TO MAINTAIN ACTION.—Where plaintiff initiated a desert land entry under Act Cong. March 28, 1908 (U. S. Comp. Stats., secs. 4681–4683), entered on the land through her agent, posted a possessory right notice at each corner, and drove corner stakes, and thereafter cleared along three sides a strip in order to run lines and for reclamation purposes, she was in actual possession, and could maintain an action of forcible entry and detainer, though from April 10th until May 2d, when defendant was found in possession, she or her agent had not been actually on the land more than once.

3. APPEAL AND ERROR—PRESUMED THAT COURT IGNORED INCOMPETENT EVIDENCE.—Where in an action tried by the court without a jury there is sufficient competent evidence in the record to justify the court's finding, it will be presumed that evidence objected to, if incompetent, was ignored by the court.

4. PUBLIC LANDS—POSSESSORY RIGHT NOTICE UNDER LAND LAWS ADMISSIBLE TO SHOW POSSESSION.—In an action for forcible entry and detainer brought by one who had initiated a desert land entry under Act Cong. March 28, 1908 (U. S. Comp. Stats., secs. 4681–4683), her possessory right notice was admissible on the question of possession, though the validity of title is not tried in such action.

5. PUBLIC LANDS — POSSESSORY RIGHT NOTICE ADMISSIBLE, THOUGH COVERING MORE THAN ONE HUNDRED AND SIXTY ACRES.—Where the possessory right notice of one initiating a desert land entry was not drawn in compliance with Civil Code of 1913, paragraph

4718, but based on Act Cong. March 28, 1908 (U. S. Comp. Stats., secs. 4681–4683), it was not inadmissible in an action of forcible entry and detainer because covering more than 160 acres.

6. COURTS—RIGHTS OF ENTRYMAN TO POSSESSION PROTECTED BY STATE COURTS.—When an entryman has complied with the laws of the United States relative to taking possession of unsurveyed and unappropriated public lands, and has performed acts in settlement thereon, the state courts will protect him in his possession as though he had initiated his rights under the state law.

APPEAL from a judgment of the Superior Court of the County of Maricopa. A. G. McAlister, Judge. Affirmed.

Mr. James P. Lavin and Mr. Earl Anderson, for Appellant.

Messrs. Baker & Whitney and Mr. D. B. Morgan, for Appellees.

CHAMBERS, Superior Judge.—This is an action of forcible entry and detainer, brought by the appellees against the appellant for the possession of 320 acres of unsurveyed desert land in the county of Maricopa. The appellees, plaintiffs in the court below, allege that on the twenty-ninth day of March, 1920, the plaintiff, Ella F. Evants, entered upon that certain unsurveyed, unappropriated public domain which will be, when surveyed, the east half of section 33, township 1 north, range 7 east, of the G. & S. R. B. & M.; that ever since said date the plaintiff, Ella F. Evants, has been, and was at the time of filing her complaint, the possessor of, and entitled to the full, peaceable, and quiet possession of said land; that on or about the thirtieth day of April, 1920, while the plaintiff was in the quiet and peaceable possession of said tract of land, defendant forcibly entered

6. Interference by courts to protect possessory rights in public lands as between conflicting claimants, note, 12 **Ann. Cas.** 32.

thereon and ejected the plaintiff therefrom; that said entry by defendant into and upon said land was without right in law and without and against the consent of the plaintiff, Ella F. Evants, and that defendant has since said last-mentioned date forcibly retained and remained in possession of said premises. Appellant answered by general denial and plea of not guilty. The case was tried to the court without a jury, and judgment rendered in favor of the plaintiffs. The appeal is from the judgment.

The evidence shows that the appellee, Ella F. Evants, on March 29, 1920, initiated a desert land entry of the premises in controversy under the act of Congress approved March 28, 1908 (35 Stat. 52 [8 Fed. Stats. Ann., 2d ed., pp. 702, 703; U. S. Comp. Stats., §§ 4681–4683]); that on March 29, 1920, acting through her husband and agent, William R. Evants, she entered upon the land, posted a possessory right notice at each corner thereof, chained it out, and drove 2x4 stakes at each corner of the land. About the 7th or 8th of April following, Mr. Evants returned to the land with a surveyor, cleared along three sides a strip from one to three rods wide in order to run the lines and for reclamation purposes. At this time the lines were again run, and iron stakes were driven at the corners, the appellee expending in clearing, surveying, and posting the notices approximately $300. There does not appear to be any evidence that the plaintiff, or her agent, was actually upon the land more than once from the tenth day of April until May 2d following, when the defendant was found in possession. On April 30th the defendant entered upon the southeast quarter of said section 33, and attempted to initiate a claim for a homestead under the laws of the United States relative to acquiring homestead claims upon unsurveyed land. The defendant himself testified that he observed the clearing and

saw the notices of Mrs. Evants posted at each corner.
On May 2d he had begun the construction of a house.
He denies the right of the appellees to maintain this
action, claiming that they were not in the actual pos-
session of the land when he entered thereon and ini-
tiated his claim.

The appellant makes four assignments of error. It
is conceded that the first two assignments raise but
one question, which is: Was the appellee, Ella F.
Evants, in the actual possession of the premises at
the time of the alleged forcible entry? The third
assignment is to the effect that the court erred in
admitting evidence as to the expense of surveying the
land, cutting the brush, staking the corners, and post-
ing the notices. The fourth assignment is to the
effect that the court erred in admitting in evidence the
appellee's possessory right notice.

The question as to what is actual possession is not
entirely new in this jurisdiction. It is discussed at
length by this court in *Foster* v. *Black*, 20 Ariz. 64,
176 Pac. 845. Actual possession does not necessarily
mean actual, physical presence upon the premises. In
cases of this character, where an entryman, or a pro-
posed entryman, under any of the public land laws
of the United States, has taken possession of a tract
of land, has taken steps to exercise dominion and con-
trol over it, and has not been absent for such a period
as would justify a conclusion that he has abandoned
the premises, then he is in actual possession. As
stated in 19 Cyc. 1130:

"Actual *pedis possessio* or residence on the prem-
ises at the time of the forcible entry complained of
is not essential to the maintenance of the action. The
possession to which this summary remedy applies is
not confined to the *pedis possessio* or actual inclosure
of the occupant. . . . The owner is not bound to be
continually on his land, either in person or by agent,
or to station his servants there to keep intruders

away. An entry, coupled with such acts of owner-
ship as clearly indicate his intention to take and hold
permanent possession, will be sufficient to enable him
to maintain this form of action to repel an unlawful
intrusion.''

Judged by this standard, we are of the opinion,
under the facts proved and admitted in this case, that
the appellee was in actual possession of the premises,
and can therefore maintain the action of forcible en-
try and detainer.

It is unnecessary to consider the third assignment
of error, for the reason that, excluding the evidence
complained of, there is sufficient evidence in the record
to justify the court in finding that the appellee Ella
F. Evants was in actual possession. The trial being
to the court without a jury, we will presume that the
evidence, if incompetent, was ignored by the court.
*Shannon Copper Co.* v. *Potter,* 13 Ariz. 245, 108 Pac.
486; *Nichols* v. *McClure, ante,* p. 27, 201 Pac. 95.

Appellant insists that the possessory right notice of
appellee should not have been admitted for the reason
that in an action of this character the validity of the
title is not tried, but merely the right to possession.
We consider that the case of *Foster* v. *Black, supra,*
is also decisive of this question. That case was an
action of forcible entry and detainer for the posses-
sion of a mining claim. Relative to the admission
of the location notice and deeds, the court says:

''The recorded notice of location and the deeds of
plaintiff were competent evidence to show the extent
of the claim and possession of the plaintiff, but not to
show title.''

Appellant contends that the notice was inadmissible
for the further reason that under the laws of the state
of Arizona a possessory right claim can contain no
more than 160 acres. The notice is not drawn in com-
pliance with paragraph 4718 of the Civil Code of

Arizona. If appellee based her claim upon the statutes of this state, then the contention of appellant would be correct. However, she bases her claim upon a statute of the United States, act of Congress approved March 28, 1908 (35 Stat. 52). In the case of *Callison* v. *Ronstadt,* 21 Ariz. 348, 188 Pac. 266, we upheld the right of a claimant to hold 320 acres of unsurveyed, unappropriated public land, so as to acquire a three months' preference right to enter the same under the act of February 19, 1909 [8 Fed. Stats. Ann., 2d ed., pp. 613–617; U. S. Comp. Stats., §§ 4563–4568], and other acts of Congress, as a homestead. We see no substantial difference between that case and this one. Where an entryman has complied with the laws of the United States relative to taking possession of unsurveyed, unappropriated public land, and has performed acts of settlement thereon, then the courts of this state will protect him in his possession the same as though he had initiated his right under the state law. The possessory right notice was admissible.

The judgment is affirmed.

ROSS, C. J., and FLANIGAN, J., concur.

McALISTER, J., having tried the case in the lower court, was disqualified, and the Hon. W. R. CHAMBERS, Judge of the superior court of Graham county, was called to sit in his stead.